Our first case of the afternoon is the people of the state of Illinois v. Albert Kimber. To the appellant, Mr. Sardinus, for the appellate. And I have probably asked you this before, because you've appeared before us, but would you pronounce your name for me? Varughese. Varughese. Ms. Varughese for the appellate. You may proceed. May it please the Court. Good afternoon, Your Honor, Counsel, My name is Benjamin Sardinus, representing the State Appellate Prosecutor's Office in the States. The criminal justice system relies on trial courts discerning time and evaluating the relevance of evidence and possibility of undue prejudice. When a trial court uses an unbalanced scale in evaluating these two elements, or makes a plainly unreasonable decision by the facts of the case, the discretion this court normally affords trial courts must be set aside in the interest of justice. This court should reverse because a trial court in this case placed hope and put an overly onerous standard of law on the state's evidence, and even if it did put a correct standard, no trial court could reasonably exclude all the other bad effects of evidence. As an initial matter, I'd just like to address some of the arguments the defendant raises in their opening for the court. First, the defendant asserts that this appeal is new for the court, because their client could not have been charged under the aggravated stalking statute because the conduct fell within the conduct that only the Relaford case addressed. This argument is improper for three different reasons. First, it's an improper cross-appeal, which exceeds the jurisdiction of this appeal for the court in Procedure 481. Two, even if it isn't an improper cross-appeal, this case can't be considered new because it doesn't categorically fall within the scope of the stalking. And third, it would be inappropriate to consider the facts of this case when the trial court has reserved the one that Relaford because of the lack of facts. Well, how about the fact that it's still pending in front of the trial court? Is that an impediment to our jurisdiction? I think it is, Your Honor, based on the nature of what the defendant is asserting, which is basically a challenge to the probable cause that the state charged. I mean our jurisdiction to hear the issue before us today. Yes, Your Honor. Under 604A1, the only appeal that can be taken off the judgment is one suppressing evidence. This argument has nothing to do with the evidence question. It has to do with whether or not the state pleaded a sufficient amount of evidence to assert probable cause under a constitutional portion of the aggravated stalking sanction. So it would exceed the jurisdiction of this court to even address the law for the question. And if the court is in agreement on that, I can just move on to the initial merits of the case. That's not answering my question. Oh, sorry. My question is, do we have jurisdiction to address what was ruled upon to be intermissive? Because there is still something pending in front of the trial court. Yes, Your Honor. I think you do have it under 604A1, because this is an act suppressing other bad acts evidence under 604A. Substantively suppressing that evidence for presentation in front of the trial court. So as an interlocutory appeal, I think it's correctly pleaded as something that can be raised by the state on appeal. Well, the line of cases that say that there's still something pending in front of the trial court has no bearing on our jurisdiction then? As I understand, there's one motion file that has five parts, right? At the trial court level. Yes, Your Honor. And one of those parts was that the Supreme Court had found a portion of the statute unconstitutional. Right? That was number five, right? I just want to clarify. You're referring to the defendant's motion to bar the sentence. Yes. Okay. Well, I think that that gives us... Well, was there another motion? Well, I was trying to differentiate between the state's initial motion to introduce this evidence and then the... Oh, okay. There was another motion. Yeah, I'm talking about the motion that they filed has five parts, right? I believe it does have five parts. Okay. And the fifth part is that the Supreme Court has found a portion of the statute unconstitutional. Right? Yes, Your Honor. And the trial court didn't rule on that. Yes. Right? The court said that they didn't have... The trial court judge said he wanted to hear the facts of the case before he made a definitive ruling on whether or not that his conduct as a matter of law did fall under the definition of the statute. But I don't think that that impacts the state's motion to introduce this evidence. It doesn't alter the ground, because essentially this evidence is being suppressed on this ground, whereas the notion of relevance goes to whether or not the actual charge can even be brought against the defendant. Because it's irrelevant whether or not these other bad acts are introduced against the defendant if he could not have possibly been in the prime because his conduct falls under the unconstitutional portion of the statute. So the trial court's denial of the motion to introduce that evidence, which is what the state tried to do, under 404B, is the only thing that's before this court, not the underlying conduct and whether or not it comes under the umbrella of what Reliford declared was unconstitutional or not. So I don't know if that's a satisfactory answer for what you're concerned with. Well, I think you're not answering my question, because probably I'm not phrasing it correctly. The state filed a certificate of impairment, right? Yes, Your Honor. OK. And I think your argument would be that the certificate of impairment allows us to address the issue that we have presented before us in spite of the fact that there is a motion pending in front of the trial court. I think that's what you're arguing. No, Your Honor, because the motion was granted to suppress that evidence. It just wasn't granted on Reliford ground. I understand that. Right. So the whole question is then the appeal of there's nothing pending, i.e., because the evidence was introduced, and then the file was just a certificate of impairment. I don't think that it— There's not a motion—it's not called a motion to dismiss, but there is a motion pending in front of the trial court asking that the case be dismissed because of what the Supreme Court said in Reliford. Am I wrong about that? I don't think it's distinct from the motion to bar the evidence, but I— Regardless, the court hasn't ruled. Right, Your Honor. The court has not ruled on that question. So I think that that doesn't impact the fact that the court's order and findings in this case suppress—substantively suppress evidence for the purposes of 60481 so that you can address the question. But underlying that would be that this result would determine whether that evidence could come in, and then the judge, after he hears the facts of the case, has indicated a willingness to rule on the other part of that motion. Isn't that what you said? Because he didn't think he could rule on it until he heard more about how it applied in this case. Yes, Your Honor. Or how it was relevant to this case. Right, but the rule governing— There's no but. I'm asserting it for you. Oh, yes. Well, I agree with that contention. And the rule of 60481, given this court's jurisdiction of the case, only requires that some evidence be substantively suppressed for the court to bring an inauguratory appeal. I'll drop the process of the trial—the process of the case in order to bring that before this court. So I don't think the fact that the court reserved ruling on that question impacts the nature of the court's substantive suppression of that order. If there are no further questions on that particular element— I think you might be right. I wish there was a case that said that, but maybe there just isn't anything to cite in support of that. And if this court seems concerned with that, we would be glad if the court would like to ask something on the jurisdiction question itself. I think that is an important question for this court in every case, because this court has made it clear on several occasions that your jurisdiction is very important, whether or not you can decide the case. That you would agree with that issue. I'm not exactly 100% prepared, because I assume, based on the nature of the suppression, that that fit under 60481, that kind of motion. Moving on to the merits of the unaligned appeal. Did the trial court use this discretion in denying the notice of intent to introduce? That was there on two different grounds. One, that the court used an incorrect standard to determine whether or not to admit that evidence. And two, that no reasonable trial court could have come to the same conclusion as the trial court did in this case. The two areas that the court failed when it came to the standard of law that it employed, regarding both applying the standard that if the undue prejudice of the evidence outweighs the substantive value of that evidence, that it should be suppressed. That isn't a statement of law. That probative value has to be substantially outweighed by the prejudicial impact of that evidence in order for it to be suppressed. And based on the trial court's lack of use of that word, and the fact that this evidence was highly probative, there's no rational conclusion that can be drawn other than that the court employed a level balancing technique and found that simply the prejudicial impact only a little bit exceeded the probative value of this evidence. In addition, the trial court even concluding that it could be impacted by the undue prejudice of that evidence is an error of law. The defendant in their brief tries to bring this as a point against the state, saying, well, the state's argument basically concedes that, or argues that, a trial court can never be unduly impacted by evidence that it exists as the fact-finding evaluates. But I submit to this court that's not a point against the state. That's an entire underlying assumption of the criminal justice system, which is that when a trial court sits as an evaluator of evidence at one stage and as a fact-finder at the other, absent an explicit showing that the trial court was biased in its determination, we assume that the trial court is going to evaluate the evidence and not convict someone based on the underlying bad act, which is no problem entirely that 404B is concerned with, that the jury, sitting as a fact-finder, will see a horrendous event that the defendant committed and say, well, I understand that there's an aggravated stalking charge, but he broke into our house and he held a gun to her head, so he should go to jail. And our justice system requires that the trial court, and we assume that a trial court, will never convict someone based on that synthesis. And the fact remains that in a bench trial, the trial court, unless it admits that it can't adequately weigh the evidence, which I don't think the trial court is trying to do in this case, can never be so under the prejudice that it should suppress evidence that it's seen. I think, plainly stated, it could happen, but the trial courts have afforded a presumption that they know the law and that the risk of prejudice is diminished due to the fact that the trial court has afforded that presumption. Absolutely, Your Honor, and absent a showing from either party that there was some kind of distinction. So if it turns out that the trial court was related to the defendant and can't adequately weigh the evidence or was related to the victim in some way and therefore is going to see this horrendous acting, well, I guess related to the victim is a per se conflict, but some kind of additional showing that can show that this particular judge cannot adequately weigh the evidence. Absent that kind of showing, we have to assume that. And if not, the whole entire system of weighing evidence and balancing evidence and having bench trials at all is called into question as an assumption. Going off of that also, even if this court finds that the balancing was not an incorrect stand of the law, the underlying decision is unreasonable in light of how highly appropriate this evidence is of defendant's knowledge. The entire question of aggravated stalking is that when defendants send the images of the force of conduct towards the victim, will a reasonable person in the victim's situation feel that they have been threatened? And the fact is that this defendant broke into his ex-girlfriend's home, held a gun to her ex-husband's head, which she had requested to stay in his home because she was so threatened by his conduct and strangulation, him strangling her about, I believe it was two months before that, which is another act that we tried to bring in, that she was so threatened by that and that he broke into her house, held a gun to her ex-husband's head, held a gun to her head, held a gun to his own head and threatened to commit suicide and held him hostage until eventually the situation was negotiated out of it. This evidence is highly appropriate of what he understood the effect of his messages would be on a reasonable person in her situation. And without that evidence, it could be incomplete. Without this evidence, there is no context for whether or not what his knowledge was when it came to this whole situation. The State can proffer a very basic hypothetical that if one were to send a text message to someone, if two text messages said hi in a row to fit the course of the primary statute, and that this court would not see that that was threatening. But if the day before that I had told the person I was sending those messages, when you receive two text messages from me that say hi, I'm going to come and shoot you in the face, that would be incredibly appropriate of my understanding of what the effect those two text messages would have on a reasonable person in the victim's scenario. The fact remains that there is no reasonable interpretation of appropriate value under prejudice where the court could reasonably conclude that this evidence was not highly probative and not unduly prejudicial against the defendant because it spoke directly to his intent. And in fact, the fact that the trial court, the defendant tries to also raise the issue regarding a mini-trial in the case, and I think that's not actually a point in their favor because if the court was worried about a mini-trial, which the concern regarding a mini-trial involves presenting too much evidence and overly emphasizing other bad-ass evidence, they could have exercised their discretion to limit the number of witnesses that were presented, perhaps to exclude the strangulation because it was too remote a time. They could have exercised any number of different actions within their discretion to limit the presentation of evidence to what is relevant. And the court didn't do that. They excluded all of the evidence even though it was highly probative. And no reasonable court should have done that in this case. I'd like to just quickly address the invited error concerns that the defendant raises as well. The state didn't invite error into the proceedings. The defendant's claims are based on two sources, the motion that introduced the other bad-ass evidence and the state's answer to the trial court question. Regarding the underlying error of the motion, the state admitted at the beginning of the hearing that the motion to introduce the evidence was incorrectly titled and involved a domestic violence statute. And at the beginning of the hearing, it made clear that that was an error and that they intended only to lay it under 404B. This wasn't sprung on the trial court. The body of the motion only, its only section discussing law, discusses 404B in isolation. It does not discuss the domestic violence statute. So the state didn't in any way cause confusion by the trial court. It was clear that that was the only ground that the state was seeking to admit under. And second, the response to the question the defendant cites was merely to agree with the trial court that a balancing had to occur. It didn't involve anything going in the way of those factors. So if the trial court, sorry, if this court has no further questions, we would ask that you reverse and remand to introduce this evidence or in the alternative give instructions as to the error that the court committed in lying to the rest of the court. Thank you. I see no questions. Thank you. You'll have time on rebuttal. Ms. Barraghese? Good morning, Your Honors. And may it please the court and counsel. My name is Cheryl Barraghese. I'm from the Office of the State Appellant Defender, and I represent Albert King Burr. This court initially asked counsel about whether a reserved ruling implicates this court's jurisdiction. We ask that this court allow supplemental briefing on the amount briefed this issue. So if this court has any concerns about its jurisdiction in this case, we'd ask that it be allowed to supplement. Our briefs. Moving on, the question of mootness before this court today is because the state charged Mr. King Burr with aggravated stalking under a fatally unconstitutional portion of the stalking statute. While the state did not specifically delineate that Mr. King Burr's conduct consisted of communicating to or about Ms. Phillips and the stalking instrument, this is the only conduct it referred to in its notice of intent to introduce other acts at it. And it will be valid for the owner of the Supreme Court to call the portion of the stalking statute that criminalizes communicating to or about a person especially unconstitutional because it violates defendants' first amendment rights. Does the person include the victim? Yes, Your Honor. As such, because Mr. King Burr cannot be found guilty of aggravated stalking for communicating to or about Ms. Phillips, the question of the noticeability of this part of that act is a unique question. So as I understand your argument, then, the only contact in this case was made by the e-mails, correct? Yes, the two text messages. And you would consider those text messages, thank you, you would consider those text messages communications to or about a person, right? Yes, Your Honor. And that is the language that the Supreme Court says must be stricken from the statute in order for the statute to be considered constitutional. Am I following that correctly? Yes, Your Honor. Okay. And that's the question still pending at the trial court level. That is pending, Your Honor. The trial court found that it would prefer to have more evidence to see whether this conduct would fit within any other provisions under the stalking statute. Well, is there anything that the state could call these text messages other than communications to or about a person? Possibly, Your Honor. What would be the possibility? There is an argument to be made that the state could refer to it as non-consensual contact. That would be the only other provision, of course, of conduct that this would fit under. We addressed this in the response brief. We believe that this would not fall under non-consensual contact because while the second text message was in violation of the order of protection, the first text message, there was a bond condition in place, and bond conditions in court order are not dependent on the victim's consent. However, this appeal is only made to the extent that the state charged him under the course of conduct of communicating to or about his fellows. Could a non-consensual contact also be considered a communication to or about a person? No, Your Honor. I do not believe so based on the Supreme Court's holding because the Supreme Court specifically called it that kind of language in the case defending his First Amendment rights. But if that is a question, then this appeal would not be used because it is only made to the extent that this is void of an issue, this charge is void of an issue, so if he cannot be convicted of it, then this Court's ruling on the invisibility of evidence would not change anything. However, if that question still remains, then we ask this Court to find that the child court did not err much less abuse its discretion in denying the state's motion to admit other acts' evidence. This Court reviews the invisibility of prior bad acts' evidence under the abuse of discretion standard. The child court abuses its discretion only where its ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the child court. In P. B. Kelly, this Court referred to this highly deferential standard as the most deferential standard of review known to the law. As such, this Court may not simply substitute its judgment for that of the child court. There are two text messages that issue here. The first one said, $5,000 to get out of jail, $350 to get a truck back, $650 for a new phone because a cop destroyed mine, facing five years in prison and a heart that's been ripped to shreds repeatedly. Thanks for everything. I hope you're happy. You completely destroyed my life. Then Mr. Kimber says a second text message that said, Quit trying to cause trouble for me. Don't you think you've done enough damage? These text messages are complaints. There's nothing in the text messages themselves that suggests any future action on Mr. Kimber's part. The state's argument is that Mr. Kimber's prior bad acts were relevant because it showed his knowledge that sending the two text messages would cause Ms. Phillips to fear for her life or suffer emotional distress. In other words, the state argues that any communication, no matter how nonthreatening, would have caused Ms. Phillips to fear for her safety or suffer emotional distress. But whether Mr. Kimber had knowledge of his prior acts does not make it more probable that he knew or should have known that sending two nonthreatening text messages indicating he wanted to be left alone would cause Ms. Phillips to fear for her safety or suffer emotional distress. Mr. Kimber's prior bad acts were only relevant if the content of the messages themselves indicated a desire to further contact her or further threaten her. Here, the two text messages indicated that Mr. Kimber wanted to be left alone to deal with the consequences of his previous interactions with her. Because Mr. Kimber's text messages conveyed the opposite theme of his prior bad acts in that he indicated no further desire to contact her, the prior bad acts were irrelevant in this case. But isn't your argument, isn't that an issue for the trier of fact? I mean, there's enough material in the text messages that a trier of fact can make that determination as to what the mental state was of the defendant. I mean, it's arguable. I mean, is that threatening? Is it not? That goes to the trier of fact to make that determination. Yes, Your Honor, but in this case, the trial court denied the state the ability to introduce these prior bad acts, and the trial court's decision should be entitled to great deference. So while the trial court could have found that these messages were so relevant that the coded value outweighed the prejudicial fact, the court did not do so in this case. How do you rectify that response with the opinion felt? Are you familiar with that case? It stands for the proposition that the risk of prejudice is diminished by the court hearing the case in a bench trial because the judge, as we discussed earlier, is presumed to know and to follow the law in its rulings. Yes, Your Honor, the judge is presumed to know and follow the law, but that means that the trial court's decision in this case should be entitled to greater deference because trial judges are presumed to know the law. So the trial judge looked at this under Rule 403 and said, this is too prejudicial to come in. The state's understanding of Rule 403 in the context of bench trials would render that entire prejudicial probate determination superfluous. That means every time a defendant chose to go to a bench trial, there was no need to have such a balancing determination. Prior bad acts should come in for a knowledge, motive, intent, any of those factors, maybe even for propensity because the trial judge is presumed to know better and to consider that. So when the trial judge finds that something is especially prejudicial, that even in a bench trial it cannot look past it, its decision is entitled to greater deference. And that's especially true here. But the standard is the same whether it's a bench trial or a jury trial. Yes, Your Honor. In both cases, the trial judge must balance probate versus prejudice to determine whether evidence comes in, especially other kinds of evidence, which has a tendency to over-persuade the fact finder. This is especially true here, where the prejudicial effect of these prior bad acts evidence is far more prejudicial than the conduct charged in this case. Mr. Kimber's aggravated stalking case concerned two non-threatening text messages. Conversely, the first of Mr. Kimber's prior bad acts concerned an allegation that he put his hands around Ms. Phillips' neck, pushed his fingers into her neck, and strangled her. The other was about a home invasion, where Mr. Kimber broke into her home, chased her through the house, held a gun to her head and said, Is this what you want? Are you happy now? The term unfair prejudice speaks to the capacity of relevant evidence to lure the fact finder into declaring guilt on a different ground than the specific proof of the charged offense. Where here, the prejudicial effect of that prior bad acts evidence is so significant, the trial court's decision to exclude the evidence was not arbitrary, fanciful, or unfeasible. The state also discounts the notion of a mini-trial and insists in its reprieve, anti-carrot, oral argument that the trial court could have easily prevented it by limiting the number of witnesses, the amount of evidence admitted, or only admitting the evidence related to the home invasion and excluding the prior strangulation. The state has, however, forfeited this argument because it did not raise it down below. In the lower court, the court noted that it didn't know how they could limit the evidence if the court decided to allow it in. In the lower court, the state responded, It's not like we can enter a conviction or something like that. There has to be some evidence. I think it's in the court's discretion to limit the evidence. But unlike on appeal, the state in the lower court did not explain how the court should limit this evidence. Instead, it shifted its burden to the trial court. The state has thus forfeited any contrary argument on appeal. Your Honor, trial courts are presumed to know the law. Trial courts are granted an extreme amount of discretion. In this case, the trial court weighed the evidence under global rate, and while the trial court did not say the word substantially, that's a magic word. The trial court very clearly made it known on the record that it understood which balance and determination it needed to make. The trial court balanced the evidence and found that prejudicial effect outweighed any coded value. Therefore, we ask this court to either dismiss this appeal as new or affirm the court's order denying the state's motion to introduce the prior data. You don't deny that the court's ruling sufficiently impaired the state's case and thereby making it proper for them to seek a certificate of impairment, do you? Your Honor, we do not make that argument, as that would imply... Well, doesn't that kind of suggest that that evidence is pretty probative? I mean, if the state's going to say, we can't go forward, I'll take your argument, because there's nothing threatening if you only look to those text messages. So our case is impaired, and we, therefore, can appeal the trial court's ruling. To me, that suggests that it's very, very probative, very, very important, and kind of undercuts your argument. No, Your Honor, because the very fact that the state felt it could not go forward without this prejudicial prior data evidence actually suggests that it was, in fact, very prejudicial, because just because the state feels the need to file a certificate of impairment doesn't necessarily mean that the evidence was more probative than prejudicial. It just might mean that the state never should have charged him with aggravated stalking under the facts before it. This is two non-threatening text messages. The home evasion, conceitedly, it was very bad. The facts were very bad. And that's why that information should not have come in. The state certainly probably could not have established aggravated stalking based on just the two text messages, but this court should not find that because the state filed a certificate of impairment, it meant that the court abused its discretion in finding this evidence too prejudicial. I think this court has no further questions. Thank you, Your Honors. Just a couple of quick points in response, Your Honor. The state could respond to the defendant's argument regarding Relaford. I think we discussed that a little bit. By definition, the fact that we could have a controversy about whether or not the defendant's conduct falls under Relaford means that this appeal is in moot and that the underlying controversy below is still alive. By definition, that means that the appeal is in moot. So set aside the entire consideration of moot is because this case does have a controversy. The defendant hasn't died. There hasn't been evidence that's shown that by a substantial measure that the defendant wasn't the person that sent the messages. There is a lot of controversy in this case. So this case should be before this court, and this court should decide that on merits. Second, the defendant's argument regarding the nonthreatening nature of his text messages muddles the mens rea and actus reas requirements of the statute. The actus reas that the defendant has to do is engage in a course of conduct, which involves two or more different contexts that fall under the definitions of the statute involving whether or not these messages were sent and whatnot. Nowhere in the course of conduct statute does a sentencing act have to be threatening in order for that act to fall as a course of conduct. The mens rea requirement of the statute is that when the defendant engages in a course of conduct, does he know that that course of conduct would be likely to cause the reasonable person in the victim's situation to fear for their safety or feel emotional distress. And the fact remains that this evidence shows that any contact by the defendant would have caused her emotional distress or made her fear for her safety. If a man holds a gun to your head, the day before he sends his messages, any contact would be threatening. The fact is that this evidence is incredibly probative of what defendant knew when he sent those messages, which is the whole question of mens rea. Saying that the messages themselves is not threatening is not responsive to the question about whether or not it's relevant to prove knowledge, which is the whole question of the 404B. Regarding 404B again, the threat of undue prejudice is undue or unfair. The fact is that the question of mens rea and goes, to repeat myself, goes to whether or not he knew when he sent these messages, someone in that situation would be threatening. And lastly, the initial question about admitting this evidence in the me trial context is different from that of what the court could have done to limit the presentation of evidence. And the reason that that's important is because the defendant's assertion that this is somehow forfeited is incorrect. The initial question of whether or not this evidence should come in at all is different than how it's presented before the court and for the trier of fact, and whether or not it's overly emphasized, which is the whole concern of the me trial. The example cases that the state cites in its brief, but I can recall the facts off the top of my head, are that in a case where the state presented numerous witnesses constantly comment on 404B evidence that they're going to the underlying charge, and where this court, I believe in that case, found that that was unduly prejudicial, that they found it because there was overemphasis based on presentation. But the underlying question about whether or not that evidence exceeds the 404B bar under the Bad Acts evidence is separate from how it's presented. So that is definitely not forfeited by the standard of law questions, definitely not forfeited by the state on that. If the probative value equals the prejudicial effect, who wins? The state does. OK. And because of the way the rule is framed. Yeah, the rule is framed that if it substantially outweighs, it is suppressed. Otherwise, relevant evidence that should be suppressed, if it's undue prejudice, substantially outweighs its probative value. There is no way a reasonable court could have concluded that in this case. There's no way that it doesn't go directly to that statement. And the fact that the court decided that it could not fairly adjudicate this case is contrary to the basic assumptions of the thought process. So if there's no further questions, again, I ask you to rehearse. If I may. Yes, please. What about counsel's argument that the fact that the court itself makes a determination that it cannot deal with this evidence in an appropriate way, that this court's prejudice, this court would not be diminished if this evidence came in and this court had to deal with this evidence in a bench trial. It's sort of ridiculous in the sense that the court's already had to deal with the evidence and know what the evidence is. But it is an interesting argument that the court itself is having a problem determining that it can appropriately consider the evidence. I think there are numerous issues with that line of thinking because of, I guess, the absurdity that you're positing. Because the trial court, in numerous instances, gets to sit and hear evidence that will never be before a trial of fact. It gets to hear it at a probable cause hearing. It gets to hear it on motions of limiting. It gets to hear all kinds of different evidence that we would not submit that a fact finder can hear. So the notion that in a bench trial, which is, again, an elective choice by defendant. Defendant, I see you. Sorry about that. Finish your answer. Which is, again, an elective choice by defendant. In a bench trial, can find evidence that it will hear, which is already heard from, in this case, at least the police officer who arrested the defendant and heard many more horrible statements made by the defendant than can be admitted, could unfairly prejudice, again, goes against the fundamental assumption of what the trial court is going to be doing in all of these instances, including as a fact finder. Thank you. I'm going to give you the opportunity to supplement the briefing. You're asserting that there is jurisdiction. Tell us why. Seven days. You tell us why there isn't seven days. Take the matter under advice.